IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON D. BODLE, | : | Civil No. 3:18-CV-2190 |
| Petitioner, | : | |
| v. | : | |
| BARRY SMITH, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

This habeas corpus case is brought under 28 U.S.C. § 2254 by Petitioner Leon D. Bodle ("Bodle") to challenge a state criminal conviction. As explained below, the court will dismiss the habeas corpus petition because it is time-barred. A certificate of appealability will not be issued.

### **BACKGROUND AND PROCEDURAL HISTORY**

On December 10, 2008, and again on January 2, 2009, Bodle was charged in the Lycoming County Court of Common Pleas, under two separate dockets, with a variety of sexual offenses involving children under the age of 13.[1] (Doc. 10–1, pp. 1–2.)[2] The dockets were consolidated for trial. On December 7, 2010, a jury found Bodle guilty of all charges. (Doc. 10, pp. 1–5.) The court sentenced Bodle

---

[1] The Lycoming County Court of Common Pleas judgment of sentence challenged in the instant petition is unrelated to that challenged in *Bodle v. Smith*, Civ. No. 3:17-CV-2265 (M.D. Pa. Feb. 1, 2021).

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

on April 6, 2011, to aggregate term of 242 to 484 months' imprisonment at a state correctional institution. (*Id.*)

Bodle filed a timely notice of appeal on May 5, 2011 to the Superior Court of Pennsylvania. The appeal was dismissed on July 6, 2012, due to Bodle's failure to file the relevant transcripts necessary for review. (*Id.*, p. 6.) On August 20, 2012, Bodle filed his first petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONST. STAT. §§ 9541–9546, seeking the restoration of his direct appeal rights. By order dated November 27, 2012, the Lycoming County Court of Common Pleas reinstated Bodle's direct appeal rights. (*Id.*, p. 6; Doc. 10–1, p. 2.)

Bodle filed a direct appeal to the Superior Court on December 24, 2012. The Superior Court denied Bodle's appeal on January 8, 2014, affirming his judgement. *See Commonwealth v. Bodle*, No. 2251 MDA 2012, 2014 WL 11017339 (Pa. Super Jan. 8, 2014) (non–precedential). Bodle did not seek a petition for allowance of appeal from the Pennsylvania Supreme Court.

On February 3, 2014, Bodle filed a second timely PCRA petition.[3] After counsel was appointed to represent Bodle, an amended and a supplemental amended PCRA petition were filed. Following a March 17, 2014 evidentiary

---

[3] The state courts treated this as Bodle's first petition as his direct appeal rights were reinstated as a result of his earlier PCRA petition.

hearing, the PCRA court denied his petition on June 26, 2015. (Doc. 10–1, pp. 1–15.) On July 20, 2015, Bodle filed a timely notice of appeal to the Pennsylvania Superior Court which was denied on April 20, 2016. *See Commonwealth v. Bodle*, No. 1234 MDA 2015, 2016 WL 1581799 (Pa. Super. Apr. 20, 2016) (non–precedential). Bodle did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 2, 2016, Bodle filed a third PCRA petition. In its opinion denying relief, the PCRA court noted that all PCRA petitions must be filed within one year of the date the defendant's judgment becomes final. *See* 42 PA. CONST. STAT. § 9545(b)(1); Pa. R. Crim. P. 901. The PCRA court denied the petition as untimely and without merit on November 3, 2016. (Doc. 10–1, pp. 27–40.) On November 30, 2016, Bodle appealed to the Pennsylvania Superior Court, but later filed a praecipe for discontinuance. On March 2, 2017, the Superior Court discontinued the appeal. *See Commonwealth v. Bodle*, 1935 MDA 2016 (Pa. Super.) (docket sheet, available at https://ujsportal.pacourts.us, last visited Feb. 1, 2021.)

Bodle filed a fourth PCRA petition on April 5, 2017. (Doc. 10–2, pp. 2–14.) The PCRA court on June 6, 2017, notified Bodle of its intention to dismiss his petition as untimely without exception but gave Bodle the opportunity to object.

3

(*Id.*)  After Bodle failed to file an objection to the dismissal, the PCRA court denied his fourth PCRA petition on June 29, 2017.  (Doc. 10–2, pp. 15–16.)

On March 29, 2017, Bodle retained the services of Attorney Rexroth–Davenport to file a federal habeas corpus petition on his behalf "by June 29, 2018." (Doc. 1, ¶¶ 17–18.)  Counsel assured him she would send him a draft of the petition by April 15, 2018.  (*Id.*, ¶ 19.)  By letter of July 24, 2017, Bodle wrote to Attorney Rexroth–Davenport raising issues he wanted her to pursue in his petition. (*Id.*, pp. 9–14.)  On August 1, 2018, after encountering difficulties in contacting Attorney Rexroth–Davenport, Bodle sent an inquiry to this court to determine if Attorney Rexroth–Davenport filed a habeas petition on his behalf.  (*Id.*, p. 21.) The court responded in the negative on August 6, 2018.  (*Id.*, pp. 22–31.)

On November 8, 2018, Bodle filed a motion for permission to file a petition for writ of habeas corpus *nunc pro tunc*.  (Doc. 1.)  The court construed his filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and directed Respondents to file a response.  (Doc. 4.)  After receiving an enlargement of time, Respondent's filed a response and supporting exhibits.  (Docs. 9–10.)  Bodle did not file a reply brief.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 2254(a), which allows a district court to issue a writ of habeas corpus to a petitioner who is "in custody pursuant to

4

the judgment of a State court" if the petitioner is in custody "in violation of the Constitution or laws or treaties of the United States."

## DISCUSSION

### A. The Petition for Writ of Habeas Corpus Is Untimely

A petition filed under 28 U.S.C. § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA imposes a one-year statute of limitations for habeas corpus petitions.  *See* 28 U.S.C. § 2244(d)(1).  The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998).

Under § 2244, Bodle had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A).[4] Bodle's judgment of sentence became final on February 7, 2014, when his time for seeking a petition for allowance of appeal in the Pennsylvania Supreme Court expired.[5] *See* Pa. R. App. R. 1113(a) (allowing 30 days for filing of petition for allowance of appeal); *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (A judgment is final on direct review when the petitioner's opportunity to seek discretionary appellate court review, by way of a petition for allowance of appeal or a petition for writ of certiorari concludes, even if no such petition is filed.) Thus, Bodle had one year, or until January 7, 2015, to file a federal habeas corpus petition. Bodle's petition, however, was not filed until November 8, 2018, nearly three years and ten months after the expiration of the limitations period. Consequently, unless Bodle's petition is subject to statutory or equitable tolling, it is time-barred.

Bodle's statute of limitations period is subject to statutory tolling. Under AEDPA, the limitations period for a § 2254 habeas corpus petition is tolled during the time in which "a properly filed application for State post-conviction or other

---

[4] Although 28 U.S.C. § 2244(d)(1) provides for other triggering events of the one-year limitations period, none apply here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

[5] The Superior Court denied Bodle's direct appeal on January 8, 2014.

collateral review" is pending. 28 U.S.C. § 2244(d)(2). Here, Bodle filed his first application for state collateral review on February 3, 2014. Because his petition was filed prior to his sentence becoming final, Bodle preserved his entire one–year limitations period for purposes of 28 U.S.C. § 2244(d). However, the limitations period started to run on May 20, 2016, thirty days after the Superior Court denied his PCRA appeal and his opportunity to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired.[6] Accordingly, Bodle had until May 22, 2017,[7] to file a timely habeas petition and his current petition is untimely unless he can demonstrate an additional basis for the tolling of the limitations period.

The one-year statute of limitations may also be equitably tolled when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in [the] way and prevented timely filing" of the habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace,* 544 U.S. at 418). The doctrine of equitable tolling is appropriately applied when "principles of equity would make the rigid application of a limitation period

---

[6] Bodle's third and fourth PCRA petitions, which were declared untimely, do not provide him with further tolling pursuant to 28 U.S.C. § 2244(d)(2)'s tolling provision. That is because where a state court rejects a PCRA petition as untimely, it is not considered "properly filed" for the purposes of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412–14 (2005); *Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004).

[7] While technically Bodle's limitations period concluded on May 20, 2017, that date fell on a Saturday. Pursuant to Fed. R. Civ. P. 6(a)(3)(A), Bodle's filing date was extended until the first day that was "not a Saturday, Sunday, or legal holiday," i.e., Monday, May 22, 2017.

unfair." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Miller*, 145 F.3d at 618)). The petitioner bears the burden of showing that he is entitled to benefit from equitable tolling. *Pace*, 544 U.S. at 418. And, courts should be sparing in their use of the doctrine. *Id.* (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

In this case, neither Bodle's nor counsel's mistaken belief as to when the limitations period ended is an extraordinary circumstance for the purpose of equitable tolling. That is so, because "[i]n non–capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Johnson v. Hendricks*, 314 F.3d 159, 162–63 (3d Cir. 2002) (attorney's mistake in determining the filing date of a § 2254 petition is not an extraordinary circumstance for equitable tolling purposes). This is true, even where the self–represented petitioner has filed an untimely petition due to a misunderstanding of the statute of limitations. *See Jones*, 195 F.3d at 160 (finding that the petitioner's "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations").

Finally, the statute of limitations for § 2254 petitions may be excused if a petitioner makes "an adequate showing of actual innocence." *Satterfield v. Dist. Att'y of Phila.*, 872 F.3d 152, 163 (3d Cir. 2017). This is a "burdensome" standard

that requires the petitioner to show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).  While Bodle states he "believes that there are several issues/grounds that need to be addressed by this Honorable Court based on US Constitution law violations," he makes no actual innocence argument here, and is accordingly not entitled to relief under the actual innocence exception.

Therefore, because Bodle's petition is untimely and is not subject to statutory tolling, equitable tolling, or the actual innocence exception, the court will dismiss the petition as untimely.

    **B.**    **No Certificate of Appealability Will Issue**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit or district court judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  Bodle fails to demonstrate that a COA should issue, and the court accordingly will not issue a COA.  The denial of a COA does not prevent Bodle

from appealing the order denying his petition so long as he seeks, and obtains, a COA from the Third Circuit Court of Appeals. *See* Fed. R. App. P. 22(b)(1).

## CONCLUSION

For the foregoing reasons, Bodle's petition for writ of habeas corpus is dismissed as untimely. No certificate of appealability will be issued. An appropriate order follows.

Dated: February 1, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania